NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE MARTIN F. SALAZAR,**
*Petitioner.*

---

Miscellaneous Docket No. 110

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board.

---

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

PER CURIAM.

## ORDER

Martin F. Salazar petitions for a writ of mandamus to compel the Merit Systems Protection Board to docket two of his appeals. The Board responds. Salazar replies.

On February 19, 2010, Salazar filed an appeal to the Board seeking reinstatement of his retirement annuity. On December 4, 2010, Salazar filed another appeal seeking reinstatement of his retirement annuity. The Board did not docket this second filing as a new appeal because the filing was essentially the same as Salazar's February 19, 2010 appeal, which was still pending before the Board. Salazar filed yet another appeal seeking reinstatement of his retirement annuity on September 26, 2011, which the

Board also did not docket as a new appeal. On June 8, 2011, Salazar filed an appeal that sought reinstatement of his health benefits. The Board docketed that appeal regarding health benefits. On January 7, 2011, an administrative judge dismissed Salazar's February 19 appeal that sought reinstatement of his retirement annuity. Salazar sought full Board review, and the Board affirmed the administrative judge's decision, as modified, and sustained the Office of Personnel Management's decision to not reinstate his retirement annuity. Salazar petitioned this court for review of the Board's final order in that case.

In October of 2011, Salazar contacted the Board by telephone to learn the status of his December 4, June 8, and September 26 filings. The Board informed Salazar that his filings requesting the same relief as his February 19, 2010 filing would not be docketed as new appeals. This petition for writ of mandamus followed.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmer, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

Based on the papers submitted, Salazar has not met his burden of showing entitlement to a writ. Salazar has not shown that the Board was required to file multiple appeals of the same matter.

Accordingly,

IT IS ORDERED THAT:

Salazar's petition for writ of mandamus is denied.

For The Court

__JUL 2 0 2012__                    __/s/ Jan Horbaly___
Date                                 Jan Horbaly
                                     Clerk

cc:  Martin F. Salazar
     Calvin Morrow, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 2 0 2012

JAN HORBALY
CLERK